UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

RICARDO DEL VALLE,

                Defendant.

_____/

Case No. 11-cr-20427

Hon. Patrick J. Duggan

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

On June 21, 2012, Defendant Ricardo Del Valle pled guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. *See* Plea Agreement, ECF No. 40; Plea Hr'g Tr., ECF No. 43. The matter is currently before the Court on Defendant's Motion to Withdraw Plea of Guilty, filed pursuant to Federal Rule of Criminal Procedure 11(d) on August 27, 2012. *See* Def.'s Mot. Withdraw Guilty Plea, ECF No. 44 (hereinafter "Def.'s Mot."). Defendant alleges that he did not knowingly and intelligently enter his plea because "just prior" to his plea colloquy, he ingested seven (7) 10-325 milligram tablets of Percocet – prescribed to him following back surgery – and was otherwise under the influence of various and sundry prescription medications for a host of medical conditions. *Id.* ¶¶ 2-4, Ex. 1 (listing medications prescribed to Defendant). According to Defendant, "he was under the influence of at least eight (8) prescribed medications," the cumulative effect of which "rendered the Defendant unable to give a voluntary, intelligent plea" and incapable of "understand[ing] the nature of the

1

Rule 11 proceedings." *See* Def.'s Mem. Supp. Mot., ECF No. 44 at 9; Def.'s Mot., ECF No. 44 at ¶ 5. For the reasons below, the Court denies Defendant's motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 on June 21, 2012. *See* Plea Agreement, ECF No. 40; Plea Hr'g Tr., ECF No. 43. This charge arose from Defendant's participation in events involving check drafting, mortgage applications, and a real estate closing. *See* Plea Hr'g Tr., ECF No. 43 at 8:3-10:11. The basic facts, as provided to in the Plea Agreement and at the plea colloquy, follow.

In April 2008, Defendant, at the direction of Sheri Rosenbaum, drafted a check payable to Brooke Williams. *See* Plea Hr'g Tr.. ECF No. 43 at 8:3-7. At the time, Rosenbaum was in the process of preparing a mortgage loan application for Williams and Defendant understood that by writing the check he was facilitating the mortgage application process and further understood that the funds would never be transferred. *Id.* at 8:14-24.

Prior to the aforementioned events, in April 2006, Defendant participated in a real estate transaction for a property located in Birmingham, Michigan. *Id.* at 9:3-8. Although an individual named Spiro Droses was supposed to purchase that property, Droses never showed up and Defendant notarized documents which indicated Droses was in fact present. *Id.* at 9:11-20. Defendant agreed with other participants in the closing process that the transaction would take place even though Droses had been substituted by another individual not named in the documents. *Id.* at 9:18-24.

2

The Grand Jury returned its first Indictment in this matter on July 5, 2011, charging Defendant and a co-defendant with three counts of bank fraud.  *See* ECF No. 1, 3.  After issuance of the First Superseding Indictment and Defendant's arraignment, the Government offered Defendant a plea agreement on October 24, 2011.  *See* ECF No. 15; Prosecution's Memo. Opp., ECF No. 43 at 2. Defendant rejected this offer.  *Id.*  In late December 2011, the Grand Jury returned the Second Superseding Indictment charging Defendant with conspiracy to commit bank fraud.  *See* ECF No. 18.  Defendant was subsequently arraigned.  In May and June 2012, the Government initiated plea negotiations once more, this time resulting in Defendant's acceptance of the Government's offer.  *See* Prosecution's Mem. Opp., ECF No. 43 at Ex. B.  A plea hearing was initially scheduled for June 13, 2012, but was postponed because Defendant needed back surgery.  *See id.* at 3.  On June 13, 2012, the Government filed the Third Superseding Information charging Defendant with conspiracy to commit bank fraud.  *See* ECF No. 30.  After rescheduling the plea hearing for June 21, 2012, Defendant waived his right to indictment and arraignment and proceeded to enter his guilty plea during a properly conducted Rule 11 plea colloquy.  *See* ECF No. 40-43.  Not until August 27, 2012, did Defendant file this motion to withdraw – sixty-seven days after entering his guilty plea.  *See* ECF No. 44.

## II.     STANDARD OF REVIEW

### A.     Entering a Guilty Plea

A guilty plea operates as a waiver of constitutional rights designed to protect the accused, and, as with waivers of constitutional rights generally, a guilty plea "not only

must be voluntary but must be [a] knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468 (1970) (footnote omitted); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969) (noting that a guilty plea operates as a waiver of the constitutional privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, and the Sixth Amendment rights of a trial by jury and the right to confront one's accusers). To safeguard these important constitutional rights, before accepting a plea of guilty a district court is required to "address the defendant personally in open court[]" to "inform the defendant of, and determine that the defendant understands[]" the rights the defendant is relinquishing by pleading guilty and to ensure that the defendant is entering the plea voluntarily. Fed. R. Crim. P. 11(b)(1)-(2). A court must also "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). These procedures, if followed, aid in protecting defendants from entering uninformed and involuntary pleas while concurrently protecting the integrity of our nation's criminal justice system.

**B.      Withdrawing a Guilty Plea**

Federal Rule of Criminal Procedure 11(d) governs the withdrawal of guilty pleas and provides, in pertinent part, that once a district court accepts a guilty plea after a proper Rule 11 plea colloquy but prior to imposing a sentence, a defendant may withdraw from the plea agreement only if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant's right to withdraw a guilty plea is not absolute and the defendant shoulders the burden of

demonstrating an entitlement to withdraw a previously accepted guilty plea. *United States v. Hyde*, 520 U.S. 670, 117 S. Ct. 1630 (1997) (defendant does not have absolute right to withdraw plea after it is accepted but before a sentence is imposed); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citations omitted). The Rule and the placement of its attendant burden ensures that withdrawal does not become a tactical escape hatch for defendants who plea and later regret doing so. *Ellis*, 470 F.3d at 280-81 (citations omitted).

The Sixth Circuit has noted that "[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *Ellis*, 470 F.3d at 280 (quoting *United States v. Morrison*, 967 F.2d 264, 286 (8th Cir. 1992)). However, withdrawal of a plea is appropriate when "real confusion or misunderstanding of the terms of the agreement" exists. *Ellis*, 470 F.3d at 281.

## III.    ANALYSIS

To determine whether a defendant offered a "fair and just reason" for withdrawing a plea, the Court considers several factors: "(1) the  amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *United States v.*

5

*Quinlan*, 473 F.3d 273, 276-77 (6th Cir. 2007) (quoting *United States v. Bashara*, 27

F.3d 1174, 1181 (6th Cir. 1994) (abrogated in part on other grounds by statute as

recognized in *United States v. Caselorente*, 220 F.3d 727, 734-35 (6th Cir. 2000))).

These considerations represent "a general, non-exclusive list and no one factor is

controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).  The Court

addresses each factor in turn.

**A.      Amount of Time That Elapsed Between the Plea and the Motion to Withdraw**

The Sixth Circuit considers "the length of time between the plea and the filing of

the motion to withdraw to be one of the strongest factors." *United States v. Wilder*, 161

F. App'x 545, 549 (6th Cir. 2006) (unpublished).  The Grand Jury first returned an

Indictment in this case on July 5, 2011.  On October 24, 2011, after issuance of the First

Superseding Indictment, the Government offered Defendant a plea agreement, which

Defendant rejected.  In May-June 2012, the Government initiated plea negotiations once

more, this time resulting in Defendant's acceptance of the Government's offer.  *See*

Prosecution's Mem. Opp., ECF No. 43 at Ex. B.  Although initially scheduled for June

13, 2012, the plea hearing was postponed to June 21, 2012, due to Defendant's back

surgery.  On June 21, 2012, Defendant waived his right to indictment and arraignment on

the Government's Third Superseding Information and proceeded to enter his guilty plea

for his role in a conspiracy to commit bank fraud.  Not until August 27, 2012, did

Defendant file this motion to withdraw – sixty-seven days after entering his guilty plea.

Decisions from the Sixth Circuit have upheld denials of motions to withdraw

based on increments of time shorter than sixty-seven days.  *Quinlan*, 473 F.3d at 277.  As

prior case law makes clear, a delay of sixty-seven days "weighs heavily against" the Defendant. *See, e.g.*, *United States v. Jannuzzi*, No. 07-4521, 2009 U.S. App. LEXIS 4830, at *8-9 (6th Cir. 2009) (unpublished) (affirming denial of motion to withdraw in case involving delay of thirty days); *United States v. Jackson*, 238 F. App'x 45, 48 (6th Cir. 2007) (unpublished) ("Numerous decisions of this court have found that delays on the order of forty days weigh against granting the motion to withdraw."); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (noting that delay of sixty-seven days was the strongest factor supporting the district court's denial); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (explaining that fifty-five day delay was the strongest factor supporting the district court's denial); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (deeming five week delay excessively lengthy). Given the length of time between the initial Indictment and the plea, in addition to the fact that Defendant participated in two rounds of plea negotiations, this Court struggles to comprehend Defendant's contention that his plea was neither knowing nor intelligent and that this realization did not arise until sixty-seven days after entering a plea of guilty at a Rule 11 hearing. The amount of time elapsed – sixty-seven days – weighs against Defendant.

**B.     Presence of a Valid Reason for Failing to Move for Withdrawal Earlier**

The second factor the Court considers in determining whether Defendant's motion to withdraw is for a fair and just reason is the presence of a valid reason for failing to move for withdrawal at an earlier date. *Quinlan*, 473 F.3d at 277 (quoting *Bashara*, 27 F.3d at 1181). "The shorter the delay [between entering a guilty plea and filing a motion to withdraw], the more likely a motion to withdraw will be granted, and a defendant's

7

reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *Ellis*, 470 F.3d at 281 (quoting *Baez*, 87 F.3d at 808). As discussed above, sixty-seven days falls within the "substantial length of time" category and therefore, the court must examine the Defendant's reasons for the delay with greater scrutiny.

Here, Defendant has not provided any reason for the delay in moving to withdraw his guilty plea, much less given valid reason. Without a proffered explanation for requesting withdrawal, the Court has no ability to balance that explanation against any reasons that militate against allowing withdrawal. This factor weighs against Defendant.

## C.      Assertion of Innocence

The next factor considered by the Court in examining the presence of a fair and just reason supporting the plea withdrawal is whether Defendant has asserted or maintained his innocence. *Quinlan*, 473 F.3d at 277 (quoting *Bashara*, 27 F.3d at 1181). In the instant case, Defendant's motion does not turn on a sudden decision to assert his innocence. Neither does it dispute the factual basis provided for during his plea colloquy or contained in the Rule 11 Plea Agreement. *See* Plea Hr'g Tr., ECF No. 43 at 8:3-10:11; Plea Agreement, ECF No. 40 at 2-4. This factor also weighs against Defendant.

## D.      Circumstances Underlying the Guilty Plea

The Court also examines the circumstances underlying the entry of the guilty plea in assessing whether Defendant's motion is supported by a fair and just reason permitting withdrawal. *Quinlan*, 473 F.3d at 277 (quoting *Bashara*, 27 F.3d at 1181). Here, nothing about the circumstances of the plea suggests that Defendant should be able to withdraw

his plea.  The Court conducted a proper Rule 11 plea hearing. The Court apprised Defendant of the crime charged and the maximum penalties associated with that charge. *See* Plea Hr'g Tr., ECF No. 43 at 4:7-16.  The Court further apprised Defendant of the constitutional rights being waived at the plea hearing.  Defendant acknowledged, on the record, his right to proceed to trial, the Government's burden of proving each element of the offense beyond a reasonable doubt, his right to a trial by jury, his right to (court-appointed) counsel, his right to present, confront, and cross-examine witnesses at trial, his right to decide whether to testify on his own behalf, and, that if he did not testify, no adverse inference could be raised by the Government.  *See id.* at 4:7-5:17.  Defendant expressed his desire to relinquish these rights and enter a plea of guilty.  *Id.* at 5:18-21.

The Court confirmed with Defendant that the signature appearing on the Rule 11 Agreement was his own.  *Id.* at 5:22-6:1.  Defendant indicated that he reviewed the provisions of the plea agreement with his attorney and that he comprehended those provisions.  *Id.* at 6:2-6, 6:18-23.

Defendant further confirmed that he was not forced or threatened to enter the plea, indicating that it was voluntarily given.  *Id.* at 6:24-7:8.  Afterwards, Defendant expressed his motivation to plea arose because he "in fact . . . believe[d he was] guilty of this offense."  *Id.* at 7:9-11.   Satisfied with Defendant's responses during the hearing, this Court accepted the plea, noting that it was "freely and voluntarily made and that there [was] a factual basis for such plea."  *Id.* at 11:13-17.

Defendant submitted a hospital discharge summary accompanying the present motion.  *See* Def.'s Mot. Ex. 1.  The discharge summary shows that Defendant was

9

prescribed Percocet after his back surgery.[1]  *Id.*  This Exhibit represents the only

evidentiary support for Defendant's position that he was under the influence at the time

of the plea hearing.  While this Court disagrees with the Government's implicit

suggestion that expert testimony or other evidence would be necessary to determine

whether the consumption of seven (7) 10-325 milligram Percocet tablets would render

someone incapable of understanding a Rule 11 proceeding, *see* Prosecution's

Memorandum in Opposition, ECF No. 43 at 9, nothing in the record supports

Defendant's contention that Defendant was "unable to give a voluntary, intelligent

plea[,]" *see* Defendant's Memorandum in Support at 1.  At no point during the hearing

did Defendant's counsel, who has represented Defendant for over a year, express concern

over his client's ability to comprehend the proceedings or his competency generally.

Moreover, this Court observed nothing peculiar during the hearing.

Lastly, "there is no requirement that in order to rely on a defendant's answers in a

guilty-plea colloquy[,] to conclude that the defendant pleaded guilty knowingly and

voluntarily, those answers must be lengthy and all-encompassing; a straightforward and

simple 'Yes, your Honor' is sufficient to bind a defendant to its consequences."  *United*

*States v. Jones*, 403 F.3d 817, 824-24 (6th Cir. 2005) (citation omitted) (alteration in

original).  In contrast to Defendant's assertion that he was unable to understand the nature

of the proceedings, the Government points out that while establishing the factual basis for

the plea, Defendant disputed a question posed to him by the Government – "evidencing

an ability to understand the questions posed to him."  *See* Prosecution's Mem. Opp., ECF

---

[1] The discharge summary instructed Defendant to take one 10-325 milligram Percocet tablet every four hours as needed for pain.  *See* Def.'s Mot. Ex. 1.

No. 43 at 8 (citing Plea Hr'g Tr. at 8:8-10).  Defendant also responded to the Government's follow-up questions.  *Id*. (citing Plea Hr'g Tr. at 8:11-24).  While Defendant's repeated assertions of "Yes, your Honor" alone would suffice to establish a knowing plea in the absence of compelling evidence to the contrary, Defendant's exchange with the Government further undermines his contention that he was unable to understand the nature of the proceeding.

The record is devoid of any hint of Defendant's alleged drug use just prior to the plea hearing.  The only factual evidence in support of this contention is a hospital discharge sheet.  This factor, therefore, weighs against Defendant.

**E.      Defendant's Nature and Background**

The fifth factor the Court considers in assessing whether to grant Defendant's motion to withdraw guilty plea is the Defendant's nature and background.  *Quinlan*, 473 F.3d at 277 (quoting *Bashara*, 27 F.3d at 1181).  Defendant's background as a businessperson confirms that there is no reason to think that he would have misunderstood the plea agreement or the consequences of signing it.  This factor weighs against granting Defendant's motion.

**F.      Defendant's Prior Experience with the Criminal Justice System**

The Court also considers Defendant's prior experience with the justice system in deciding whether to grant a motion to withdraw guilty plea.  *Quinlan*, 473 F.3d at 277 (quoting *Bashara*, 27 F.3d at 1181).  On the one hand, Defendant's involvement with his attorney over the course of the past year in dealing with the pending charges demonstrates his capacity to make informed decisions on his own behalf and an

11

understanding of the consequences of a guilty plea.  On the other hand, Defendant has no

prior convictions or a criminal record of any sort.

Defendant's lack of experience with the criminal justice system appears to be the

only factor weighing toward granting the motion.  However, "it is important to note that a

favorable finding with respect to this factor cannot weigh heavily in Defendant's favor

because '[t]he factors listed are a general, non-exclusive list and no one factor is

controlling.'"  *Ellis*, 470 F.3d at 285 (citing *Bazzi*, 94 F.3d at 1027).

### G.      Potential Prejudice to the Government

The last factor the Court considers to determine whether Defendant's motion to

withdraw is supported by a fair and just reason is the potential prejudice to the

Government if the Court grants the motion.  *Quinlan*, 473 F.3d at 277 (quoting *Bashara*,

27 F.3d at 1181).  The Government has not presented any arguments pertaining to

prejudice in the instant matter because "the government is not required to establish

prejudice that would result from a plea withdrawal, unless and until the defendant

advances and establishes a fair and just reason for allowing the withdrawal."  *Ellis*, 470

F.3d at 286 (citing *Spencer*, 836 F.2d at 240).  Because the Court finds that Defendant

has failed to establish a fair and just reason for withdrawing his guilty plea, the Court

does not believe that the Government must establish prejudice.

### IV.     CONCLUSION AND ORDER

After examining all the factors relevant to a determination of whether or not to

grant a motion to withdraw a guilty plea, the Court finds that Defendant failed to show a

fair and just reason why he should be allowed to do so.  Only one factor – Defendant's

prior experience with the criminal justice system – even arguably weighed in Defendant's favor.  Insofar as the Court made the proper inquiries and the Defendant's misunderstanding did not reveal itself during the colloquy, Defendant has not presented any factual support for his contention that he was actually under the influence of mind-altering substances at the colloquy, Defendant waited sixty-seven days to file the present motion, and failed to supply a single explanation for the delayed motion, this Court **DENIES** Defendant's Motion to Withdraw Guilty Plea.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Withdraw Guilty Plea is **DENIED**.


Dated: September 25, 2012

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Patrick J. Hurford, Esq.
Thomas W. Warshaw, Esq.